\* RUSSELL CLAYTON v. S. W. SCOTT, APPELLANT.

### Contract. False Warranty. Conditional Sale. Rescision.

The plaintiff and defendant exchanged horses, the plaintiff letting the defendant have a colt on which there existed an outstanding claim in favor of a conditional vendor. The defendant was never damnified nor disturbed in his possession of the colt, and after this suit for false warranty was brought, and before trial and before the defendant had ever interposed any objection to the contract on account of this defect of title, the plaintiff paid up said claim. *Held* that this objection cannot avail the defendant as a defense in this suit.

And in order to entitle the defendant to make it, if it were a proper defense, the defendant should have first offered to rescind.

ACTION on the case for false warranty and fraud in exchange of horses. Trial by jury, on the general issue, at the September term, 1869, BARRETT, J., presiding.

The plaintiff's evidence tended to prove all the material averments of the declaration. The defendant's evidence tended to prove the contrary so far as the alleged fraud is concerned. The defendant also introduced evidence tending to show that the plaintiff bought the colt, which he exchanged with the defendant, of Nial Bemis by a conditional sale—the colt to be the property of Bemis until the price was paid; that at the time of the exchange, and when this suit was commenced, a small sum was remaining unpaid. It appeared that somewhere from two to five days before the trial before the justice, the plaintiff paid that unpaid balance in full satisfaction and discharge of Bemis's claim on the colt.

There was no evidence that Bemis had interposed any claim or objection against the right of the plaintiff to possess, use, or dispose of the colt, or had made any demand of him for the unpaid balance prior to said exchange or the bringing of the suit. It appeared that the plaintiff had the possession and use of the colt from the time he bought it of Bemis till he made the exchange, in the same manner as if he had bought it by unconditional sale. The defendant's title to the colt, acquired by said exchange with the plaintiff, was never disturbed or called in question by Bemis, or by any one deriving any right from him.

The defendant requested the court to charge " that if the jury find that the plaintiff did not own the colt at the time of the exchange and had no authority to trade it away, then the plaintiff is not entitled to recover."

The court declined so to charge, not regarding the request as warranted by or adapted to the evidence and facts above stated. To this the defendant excepted.

*J. W. Croker*, for the defendant.

*A. Stoddard*, for the plaintiff, cited *Russell* v. *Armington*, 38 Vt., 449 ; *Child & Burton* v. *Allen*, 33 Vt., 476 ; *White et al.* v. *Bascomb*, 28 Vt., 268 ; Sto. on Bail, § 291.

The opinion of the court was delivered by

Peck, J.   The fact that, at the time of the contract of exchange between the plaintiff and defendant, the colt which the plaintiff let the defendant have had not been entirely paid for by the plaintiff to Bemis, the conditional vendor, cannot, under the circumstances disclosed, defeat this action.   Although it does not appear whether the small balance due Bemis had become payable or not, at the time of the contract between the parties to this suit, yet, as by the contract between the plaintiff and Bemis the colt was to remain Bemis's property till paid for, the plaintiff, under that contract, had no right to dispose of the colt until the full price was paid.   But the plaintiff had an interest in the colt at the time of the contract of exchange, and the contract was bind-

ing on the plaintiff; and the only ground upon which the defendant could claim, at the trial, the right to avoid the contract must be, either that he had been damnified, or that he was liable to be damnified, by reason of the outstanding claim of Bemis. The defendant never was damnified by reason of that claim. He was never disturbed in his title or possession, nor was his title or right of possession ever called in question by Bemis or any one deriving title or right under him. Before the defendant had interposed any objection to the contract on account of this defect of title, the plaintiff paid to Bemis the balance his due, and thus perfected the title in the defendant, so that at the justice trial in this case, when the defendant first set up this objection, the plaintiff had obviated it by perfecting the defendant's title, and putting it beyond the contingency of any claim on the part of Bemis. The fact that it was done after this suit was commenced makes no difference. Therefore if the defendant ever had any cause for avoiding the contract, it was a cause from which he has not been, and cannot hereafter be, damnified, and which was fully removed before he asserted the right to avoid the contract on account of it. This objection cannot avail the defendant as a defense. There is a further reason why this defense cannot prevail. The defendant has never offered to rescind the contract, not even at the trial. The defendant cannot retain the colt and thereby affirm the contract and enjoy the full benefit of it, and at the same time interpose this objection to shield himself from liability for fraud and false warranty in the very contract under which he acquired title and is enjoying the property. The defendant therefore was not entitled to the charge he requested on this point. The other exception is not insisted on.

Judgment affirmed.